**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawnee Arnott, | No. CV-21-08205-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Shawnee Arnott ("Plaintiff") seeks judicial review of the Social Security Administration ("SSA") Commissioner's decision denying her applications for SSA disability benefits.  Plaintiff filed her Opening Brief (Doc. 19).[1]  The Court has reviewed the briefs and the Administrative Record (Doc. 15-3, "R.").  For the reasons below, the Court affirms the Administrative Law Judge's ("ALJ") March 2021 decision (R. 15-3 at 54) finding Plaintiff is not disabled.

## I.    Background

Two decisions are at issue here: the ALJ's September 2012 decision and August 2016 decision.

### A. The September 2012 decision

Plaintiff first filed an application for disability insurance benefits on December 15, 2010.  (R. 15-4 at 4).  Plaintiff alleged a disability onset date of October 1, 2010.  (*Id.*) The claim was denied on December 21, 2010, and again denied upon reconsideration on

---

[1] The matter is fully briefed.  (*See* Docs. 22; 23).

September 21, 2011. (*Id.*) After a hearing on August 29, 2012, an ALJ issued a decision on September 15, 2012, ("September 2012 decision") determining Plaintiff was not disabled because she could perform past relevant work. (*Id.* at 11).

### B. The August 2016 decision

On February 19, 2014, Plaintiff filed a second application for disability insurance benefits with an alleged onset date of September 16, 2012. (R. 15-3 at 42, 45). An ALJ issued a decision on August 24, 2016, ("August 2016 decision") finding Plaintiff had provided new and material evidence to rebut the presumption of continuing non-disability and declined to adopt the former ALJ's residual functional capacity ("RFC") determination. The ALJ nonetheless adopted the former ALJ's findings as to Plaintiff's age, education, and vocational background because there was no new and material evidence. (*Id.* at 69). The ALJ ultimately found Plaintiff was not disabled because she could perform past relevant work. (*Id.* at 81). Plaintiff appealed.

### C. The February 2020 decision

The SSA Appeals Council remanded the case for a hearing held on December 3, 2019, to reassess Plaintiff's RFC and past relevant work during the period at issue. (*Id.* at 92). An ALJ issued a decision on February 7, 2020, ("February 2020 decision") again determining Plaintiff was not disabled. The ALJ found that Plaintiff could perform past relevant work, and Plaintiff did not rebut the presumption of continuing non-disability as established by the ALJ's initial finding of disability in the August 2016 decision. (*Id.* at 110). Plaintiff appealed.

The Appeals Council remanded the case for another hearing held on March 2, 2021, to further evaluate Plaintiff's claim about the September 2012 decision. (*Id.* at 121). The Appeals Council noted the February 2020 decision only considered the August 2016 decision findings and conclusions, not the September 2012 decision. (*Id.*) The Appeals Council thus found further evaluation was needed as to the findings and conclusions reached in the September 2012 decision, particularly regarding Plaintiff's RFC and ability to perform past relevant work. (*Id.*)

**D.  Current Appeal—The March 2021 decision**

An ALJ issued a decision on March 8, 2021 ("March 2021 decision") finding the former ALJ properly considered the rebuttable presumption of continuing non-disability established by the September 2012 decision under *Chavez v. Bowen*.  (R. 15-3 at 42); 844 F.2d 691, 693 (9th Cir. 1988) (explaining an ALJ's prior finding of nondisability creates the presumption of continuing nondisability in a subsequent decision).  The ALJ adopted the prior ALJ's September 2012 RFC determination but declined to adopt the prior findings on Plaintiff's ability to perform relevant work.  (R. 15-3 at 42).  Nonetheless, the ALJ found Plaintiff was not disabled because although Plaintiff's "additional limitations did not allow [her] to perform the full range of sedentary work," there were still a significant number of jobs in the national economy Plaintiff could have performed.  (*Id.* at 52).  Plaintiff appealed. The Appeals Council denied Plaintiff's request for review.  (*Id.* at 1).  This appeal followed.

In the March 2021 decision, the ALJ concluded that Plaintiff was not disabled from September 16, 2012, through December 31, 2015.  (*Id.* at 53).  The ALJ first found Plaintiff had not overcome the presumption of continuing non-disability that arose from the previous ALJ's non-disability determination. (*Id.* at 43).  The ALJ nonetheless performed the full customary analysis of Plaintiff's disability claim for the unadjudicated period.  (*Id.* at 17–26.)  The ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  (*Id.* at 47).

Next, the ALJ calculated Plaintiff's RFC, finding: "[Plaintiff] had the [RFC] to perform sedentary work . . . [t]he claimant could have occasionally climbed ramps and stairs, but could never have climbed ladders, ropes or scaffolds. She could have occasionally balanced, stooped, knelt, crouched, and crawled. The claimant could have frequently reached overhead bilaterally. She must have avoided extreme cold, vibration and hazards including moving machinery and unprotected heights.  (*Id.*)  Based on this RFC, the ALJ did not adopt the previous September 2012 ALJ's finding that Plaintiff can perform "past relevant work." (*Id.* at 52).  The ALJ nevertheless concluded, based on the

1    vocational experts' testimony at the 2019 and 2021 hearings, that Plaintiff "had acquired

2    work skills from past relevant work that were transferable to other occupations with jobs

3    that existed in significant numbers in the national economy." (*Id.* at 53). The ALJ therefore

4    determined Plaintiff was not disabled. (*Id.*)

5        Plaintiff raises two issues on appeal: (1) whether the ALJ erred in finding Plaintiff

6    failed to rebut the presumption of continuing non-disability; and (2) whether substantial

7    evidence supports the ALJ's evaluation of the medical opinions. (Doc. 19 at 4).

8    **II.     Standard of Review**

9        In determining whether to reverse an ALJ's decision, the district court reviews only

10   those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503,

11   517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability

12   determination only if it is not supported by substantial evidence or is based on legal error.

13   *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence

14   that a reasonable person might accept as adequate to support a conclusion when considering

15   the record as a whole. *Id.* To determine whether substantial evidence supports a decision,

16   the Court must consider the record as a whole and may not affirm simply by isolating a

17   "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is

18   susceptible to more than one rational interpretation, one of which supports the ALJ's

19   decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954

20   (9th Cir. 2002) (citations omitted).

21       To determine whether a claimant is disabled for purposes of the Act, the ALJ

22   follows a five-step process. 20 C.F.R. § 404.1520(a)–(g). The claimant bears the burden

23   of proof on the first four steps, but the burden shifts to the Commissioner at step five.

24   *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the ALJ determines whether

25   the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §

26   404.1520(a)(4)(i). Second, the ALJ determines whether the claimant has a "severe"

27   medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii).

28   Third, the ALJ considers whether the claimant's impairment or combination of

impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii).  If so, the claimant is automatically found to be disabled.  *Id.*  At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv).  If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's residual functional capacity, age, education, and work experience.  20 C.F.R. § 404.1520(a)(4)(v).  If the ALJ determines no such work is available, the claimant is disabled.  *Id.*

Res judicata applies to administrative decisions but is applied less rigidly than to judicial proceedings. *Chavez*, 844 F.2d at 694.  Relevant here, a presumption of continuing nondisability arises from the first ALJ's findings of nondisability.  *Id.* at 693.  "[T]o overcome the presumption . . . a plaintiff "must prove 'changed circumstances' indicating a greater disability."  *Id.*  These circumstances may include "[a]n increase in the severity of the claimant's impairment" or "the existence of an impairment not considered in the previous application." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995).  Even if a plaintiff rebuts the presumption, the previous ALJ's findings regarding a plaintiff's RFC, education, and work experience should not be disturbed unless the claimant rebuts the presumption with evidence of changed circumstance or new and material evidence. *Chavez*, 844 F.2d at 694.

It is well established that harmless error applies to Social Security cases. *Molina v. Astrue*, 674 F. 3d 1104, 1115 (9th Cir. 2012).  "[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination."  *Id.*; *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (same).  The Court must therefore review the entire record to determine whether an error altered the outcome of the case.  *Id.*

**III.  Discussion**

Plaintiff raises two main arguments as to the March 2021 decision.  First, Plaintiff

argues the ALJ erred by finding Plaintiff did not rebut the presumption of continuing non-disability that arose from the previous ALJ's findings in the September 2012 decision. (Doc. 19 at 7).  Second, Plaintiff argues the ALJ erred by affording little weight to the opinions of her treating physicians, Dr. Richard Melde and Dr. Christine Briones, because the ALJ did not provide clear and convincing reasons for her rejection.  (*Id.* at 14-15).  The Court will address Plaintiff's arguments in turn.

**A. The ALJ's determination that Plaintiff had not overcome the presumption of continuing non-disability**

The first issue on appeal concerns the ALJ's finding that Plaintiff had not shown "a changed circumstance material to the determination of disability and the presumption of continuing nondisability."  (R. 15-3 at 43).  Plaintiff argues the ALJ's application of the presumption was improper because Plaintiff showed changed circumstances as evidenced by changing age categories and a new severe impairment that the prior ALJ did not consider—namely, her idiopathic peripheral neuropathy of the bilateral lower extremities. (Doc. 19 at 11).  Plaintiff also argues the ALJ erred in reopening the prior ALJ's findings in the September 2012 decision regarding her past relevant work because the ALJ did not state any new and material evidence that allowed her to reopen such findings.  (*Id.* at 9). Last, Plaintiff argues the ALJ's hypothetical to the vocational expert did not include Plaintiff's inability to tolerate work which involved vibration.  (*Id.* at 12).

**1. The ALJ's application of the *Chavez* Presumption**

At the outset, the Court finds the ALJ's application of the presumption of continuing nondisability was harmless.  *Treichler*, 775 F.3d at 1099.  Although the ALJ stated that the *Chavez* presumption applied and that Plaintiff had not proved changed circumstances, the ALJ did not actually apply the presumption. (R. 15-3 at 43).  Indeed, the ALJ stated she "[n]evertheless, consistent with the Appeal Council order, . . . further considered the [plaintiff's] past relevant work and [RFC]."  (*Id.* at 42).  Her decision reflects as much: she proceeded to evaluate Plaintiff's claim, gave "careful consideration to the entire record," analyzed the medical opinions, and addressed Plaintiff's daily living activities.  (*Id.* at 47–

53).  The ALJ ultimately adopted the prior ALJ's findings regarding Plaintiff's sedentary RFC.  (*Id.* at 43).  The ALJ stated: "[t]he medical evidence of record does not show that a more restrictive residual functional capacity is warranted.  Accordingly, the undersigned adopts the findings of the prior ALJ with regard to a sedentary residual functional capacity."  (*Id.*)  The ALJ declined, however, to adopt the prior ALJ's findings as to Plaintiff's ability to work.  She stated, "[d]ue to differences in vocational expert testimony regarding classification of the claimant's past relevant work, the undersigned has not adopted the prior ALJ's finding with regard to her ability to perform that work activity." (*Id.*)

Accordingly, the Court finds the ALJ's finding that the presumption applies was harmless error.  This is because although the ALJ found Plaintiff did not rebut the presumption, her finding was inconsequential because it did not end or control her evaluation of Plaintiff's claim.  *Cf. Cha Yang v. Comm'r of SSA*, 488 F. App'x 203, 204 (9th Cir. 2012) (ALJ's misapplication of *Chavez* presumption was harmless); *McGlothen v. Colvin*, 2015 WL 5706186, *3 (C.D. Cal. 2015) (ALJ's "invocation of res judicata" was harmless error because the "ALJ proceeded with a review of the medical evidence—a review that approximated the traditional five-step approach").

Even though the Court finds the ALJ's application of the presumption was harmless, it will nevertheless consider Plaintiff's specific claims as to why the ALJ's application of the presumption was erroneous.

### 2.  Plaintiff's Age Category and Additional Severe Impairment

Plaintiff argues the ALJ erred in concluding Plaintiff did not show changed circumstances to rebut the presumption of continuing disability because Plaintiff changed age categories after her date last insured of December 31, 2015.  (Doc. 19 at 11).  Plaintiff also argues her new impairment established changed circumstances precluding the presumption of continuing non-disability.  (*Id.* at 11).

As to Plaintiff's age category, the ALJ noted Plaintiff "was born on September 20, 1960 and was 55 years old, which is defined as an individual closely approaching advanced

age, on the date last insured.  [Plaintiff] subsequently changed age category to advanced age (20 CFR 404.1563).” (R. 15-3 at 52).  It is true that under this timeline Plaintiff's age category would be “advanced age” and not “closely approaching advanced age.”  In the same paragraph, however, the ALJ states that Plaintiff changed her age category to “advanced age” under 20 CFR 404.1563.  (*Id.*)  The Court acknowledges the ALJ could have been more precise with her language.  However, it is also clear to the Court that the ALJ considered both age categories because she specifically referred to Medical-Vocational Rules 201.15 (closely approaching advanced age) and Rule 201.07 (advanced age) when she determined there was transferable work Plaintiff could have performed between her alleged onset date and her date last insured.  (R 15-3 at 53).

As to Plaintiff's additional impairment, it is true that the ALJ found a new impairment that the prior ALJ did not consider.  (*Compare* R. 15-3 at 45 (finding that Plaintiff's lumbar and cervical degenerative disc disease and idiopathic peripheral neuropathy of the bilateral lower extremities are severe impairments), *with* R. 15-4 at 95 (finding that Plaintiff's only severe impairment was lumbar and cervical degenerative disc disease)).  But as discussed, an “ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination.” *Molina*, 674 at 1115.  Accordingly, the Court must review the entire record to determine whether an error altered the outcome of the case. *Id.* Here, the error did not.

Plaintiff says this new impairment establishes changed circumstances precluding the presumption of continuing non-disability.  (Doc. 19 at 11).  Even if the ALJ committed an error by incorrectly stating Plaintiff's new impairment did not establish “changed circumstances,” this error was harmless because the ALJ explicitly considered Plaintiff's new impairment in her subsequent analysis.  (R. at 45-54).  Thus, any error committed by the ALJ in mischaracterizing that Plaintiff had not established “changed circumstances” because of her new impairment was harmless. *See Patrick v. Comm'r of Soc. Sec. Admin.*, 2023 WL 2180724, at *3 (D. Ariz. Feb. 23, 2023) (finding the ALJ's misstatement that plaintiff had no new impairments and thus did not show any changed circumstances was

harmless because the ALJ accounted for plaintiff's new impairments in her disability determination).

### 3. The ALJ's reopening of the prior ALJ's findings in the September 2012 decision regarding Plaintiff's past relevant work and the ALJ's hypothetical to the vocational expert

Plaintiff next argues the ALJ erred in reopening the prior ALJ's findings in the September 2012 decision regarding Plaintiff's past relevant work because the ALJ did not provide any new and material evidence that allowed her to reopen such findings. (Doc. 19 at 9). Plaintiff also argues the ALJ's hypothetical to the vocational expert did not include Plaintiff's inability to tolerate work which involved vibration. (*Id.* at 12). Plaintiff contends the ALJ erred because her ultimate RFC finding included this limitation. (*Id.*)

First, the Court finds the ALJ did not err in reopening Plaintiff's past relevant work because the Appeals Council instructed the ALJ to do so. In its remand order the Appeals Council directed the ALJ to consider the "findings and conclusions reached in the September 15, 2012, hearing decision, particularly regarding the claimant's residual functional capacity and ability to perform past relevant work." (R. 15-4 at 121). The Court therefore finds the ALJ was not required to state new and material evidence for reopening those findings because the Appeals Council ordered her to do so.

The Court also rejects Plaintiff's complaint that the hypothetical the ALJ posed to the vocational expert did not include Plaintiff's inability to tolerate work which involved vibration. Under the hypothetical, the vocational expert testified the three occupations Plaintiff could perform did not include conditions involving vibrations. The occupations included a sorter, an appointment clerk, and a data entry clerk. (R. 15-3 at 53). For each occupation, the Department of Transportation ("DOT") listings state: "Vibration: Not Present - Activity or condition does not exist." *See* Sorter, DOT Code No. 209.687-022, 1991 WL 671812; Appointment clerk, DOT Code No. 237.367-010, 1991 WL 672185; Data entry clerk, DOT Code No. 203.582.054, 1991 WL 671700. Because these occupations do not involve vibrations, the Court finds the hypothetical posed by the ALJ

was harmless.  *Treichler*, 775 F.3d at 1099.

**B. Whether the ALJ provided specific and legitimate reasons supported by substantial evidence for affording little weight to Plaintiff's treating physicians' opinions**

Plaintiff argues the ALJ erred by affording little weight to the opinions of her treating physicians, Dr. Melde and Dr. Briones.[2]  (Doc. 19 at 14).

### 1. Dr. Melde's Opinion

Dr. Melde opined that Plaintiff could perform an extremely limited range of work, including standing/walking less than one hour out of an eight-hour day, sitting less than one hour out of an eight-hour day, and never being able to claim, balance, crouch, or crawl. (R. at 50).  The ALJ gave little weight to Dr. Melde's opinion because it was inadequately supported by clinical or other objective findings.  (*Id.*)

Where, as here, an ALJ evaluates medical opinion evidence, "[t]he ALJ must consider all medical opinion evidence."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  The sources of medical opinions are ranked: Those who have treated a claimant are treating physicians.  Those who examined but did not treat the claimant are examining physicians.  And those who neither examined nor treated the claimant are nonexamining physicians. *Lester*, 81 F.3d at 830.  If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(c)(1)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632.  If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides specific and legitimate reasons that are based on substantial evidence in the record.[3]  *Bayliss v.*

---

[2] Plaintiff argues the higher clear and convincing standard applies because the state agency's non-examining consultants stated they adopted the prior ALJ's findings.  (*Id.*) Plaintiff provides no authority to support this proposition and the Court accordingly rejects it.

[3] The Court recognizes that new regulations regarding the consideration of medical opinion evidence in disability claims eliminate the deference previously accorded to treating physicians. 20 C.F.R. § 404.1520c(a).  Because Plaintiff filed this claim before March 27, 2017 (R. 15-3 at 42), however, the prior regulatory scheme applies. 20 C.F.R. § 404.1527.

*Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, the ALJ did not err by giving little weight to Dr. Melde's opinion.  This is because substantial evidence supports the ALJ's conclusion that the objective medical evidence inadequately supported Dr. Melde's opinion.  Indeed, the ALJ explained that Dr. Melde's own records provided "scant evidence" for the reasons Plaintiff would be limited to standing/walking for only less than one hour per day.  (R. 15-3 at 50).  The ALJ then discussed Dr. Melde's treating notes, explaining that the findings he noted were "minimal, consisting of a decreased range of motion, pain, and tenderness."  (*Id.*)

To be sure, as Plaintiff points out, the ALJ acknowledged that "greater objective signs and findings are documented elsewhere in the record," but the ALJ explained those findings nonetheless fail to explain the reason Plaintiff would be "unable to sit for less than one hour in a workday."  (*Id.*)  She explained that the opinion is inconsistent with the objective evidence, which showed Plaintiff had "mostly stable examinations with normal gait, strength and sensation." (*Id.*)  Given the contrast between the overall record, including Dr. Melde's own treatment records, the ALJ assigned little weight to his opinions.  (*Id.*)  The Court finds the ALJ provided specific and legitimate reasons supported by substantial evidence for affording Dr. Melde's opinion little weight.

### 2. Dr. Briones' Opinion

Plaintiff next argues the ALJ erred by giving little weight to the opinion of her treating physician, Dr. Briones.  (Doc. 19 at 19).  Plaintiff argues the ALJ's rationale that Dr. Briones did not treat Plaintiff before Plaintiff's date last insured was not a valid reason to afford little weight to her opinion.  (*Id.*)

In December 2018, after Plaintiff's date last insured, Dr. Briones opined that Plaintiff could perform an extremely limited range of work, including standing/walking less than one hour out of an eight-hour day, sitting less than three hours out of an eight-hour day, could lift and carry less than 5 pounds, and would be absent from work more than four times a month.  (R. 15-12 at 2002).  The ALJ gave little weight to Dr. Briones' opinion because apart from a routine blood draw at Dr. Melde's request, there was no

indication that Dr. Briones otherwise treated Plaintiff before her date last insured.  (R. 15-3 at 51).  The ALJ pointed to Dr. Briones' treatment records from August 2016 through 2019 and the lack of interaction with Plaintiff before her date of last insured, December 31, 2015.  (*Id.*)  And even the records that show a "date of service" in 2015 mostly contain Plaintiff's history and medication prescribed and specify start and end dates in 2018 and 2019.  (R. 15-13 at 2366-2400).  Last, the ALJ states "[Dr. Briones] provided no explanation . . . as to the basis of her opinion[.]" (R. at 15-3 at 51).  Plaintiff says the ALJ erred because she relied on a "single factor" to afford little weight to Dr. Briones opinion, e.g., the lack of explanation Dr. Briones provided in her opinion.  It is true the ALJ highlighted Dr. Briones' scarce explanation as to the basis of her opinion.  (R. at 15-3 at 51).  It is also true, however, that this was not the sole reason the ALJ afforded little weight to Dr. Briones opinion.  Indeed, the ALJ included this reason after she highlighted Dr. Briones lack of treatment and interaction with Plaintiff during the relevant period.  The Court therefore finds the ALJ provided specific and legitimate reasons for affording little weight to Dr. Briones' opinion.[4]

## IV.   Conclusion

The Court concludes the ALJ's finding that Plaintiff failed to rebut the presumption of continuing non-disability was, at most, harmless error.  This is because the ALJ did not functionally apply the presumption and instead proceeded to evaluate Plaintiff's claim on the merits.  The Court also finds the ALJ provided specific and legitimate reasons for affording little weight to Plaintiff's treating physicians' opinions.  Therefore, the ALJ did

---

[4] Plaintiff inserts one sentence that the ALJ's "lay interpretation" of the consultative examiner Dr. An Nguyen's examination is "specious" because Dr. Nguyen explained Plaintiff's memory scores were worse than predicated. (Doc. 19 at 20).  Although true, the ALJ explained the reasons she found those test scores did not support a finding of no more than mild limitations. (R. 15-3 at 46).  Specifically, she pointed to Plaintiff's intelligence testing scores, which indicated the average range. (*Id.*)  She acknowledged Plaintiff's immediate memory score was in the low range but noted that Plaintiff's overall memory test was in the average range. (*Id.*)  Because Plaintiff scored "well within the range of normal cognitive functioning," coupled with Dr. Nguyen's own observation that Plaintiff had "only mild depressive symptoms," the ALJ concluded there was minimal support for moderate limitations. (*Id.*)  Plaintiff may take issue with the ALJ's lay interpretation, but it is precisely the ALJ's responsibility to provide an independent analysis of the medical evidence and weigh the opinions accordingly. *See Schott v. Comm'r of Soc. Sec. Admin.*, 2019 WL 5782324, at *5 (D. Ariz. Nov. 6, 2019).

1  not err in her March 2021 decision finding Plaintiff is not disabled because her decision

2  was based on substantial evidence.  *See Orn*, 495 F.3d at 630.

3         Accordingly,

4         **IT IS HEREBY ORDERED** that the decision of the ALJ is **affirmed**.  The Clerk

5  of Court is directed to enter judgment accordingly and dismiss this action.

6         Dated this 31st day of March, 2023.

9  _____
   Honorable Diane J. Humetewa
10  United States District Judge